**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

ALANA SCHMITT,

               Plaintiff,

       vs.

NATIONWIDE LIFE INSURANCE
COMPANY, et al.

              Defendants.

**Judge Algenon L. Marbley**

**Magistrate Judge Chelsey M. Vascura**

**Civil Action No. 2:17-cv-00558**

## STIPULATED PROTECTIVE ORDER

      Plaintiff Alana Schmitt ("Plaintiff") and Defendants Nationwide

Company, Nationwide Bank, and Nationwide Trust Company (collectively, "Nationwide") have

mutually agreed to the terms of this Stipulated Protective Order ("Order").  Accordingly, it is

ORDERED:

### DEFINITIONS

    **A.**     As used in this Order, the term "Action" shall mean the above-captioned

litigation.

    **B.**     As used in this Order, the terms "Party" or "Parties" shall mean all named parties

to this litigation, including Nationwide and Plaintiff, and any third parties who may produce

discoverable material in this litigation, so long as the Non-Party signs a copy of the "Attachment

A" attached hereto.  The terms "Party" and "Parties" do not include any members of a putative or

certified class other than the named Plaintiff in this Action.  Should amended pleadings name

additional individuals or entities as named plaintiffs or defendants, such individuals or entities

will also be included within the definition of the terms "Party" and "Parties" for purposes of this Order.

C.     As used in this Order, the terms "Non-Party" or "Non-Parties" shall mean any individual, corporation, association, or other natural person or entity that is not a Party to the Action.

D.     As used in this Order, the terms "Document" or "Documents" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; electronically stored information, software, and other computer data including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.  This Order shall govern all Documents, materials, and information disclosed during the course of this litigation in any form, including, but not limited to, Documents, materials, and information produced by a Party or Non-Party, disclosed through testimony or discovery responses, or contained in pleadings, briefs, or other Documents filed with the Court.

E.     As used in this Order, the term "Protected Material" shall mean any documents, information, or other material that is designated "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" (referred to herein as "Confidential") or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (referred to herein as "Highly Confidential") pursuant to this Order.

**F.** As used in this Order, the term "Privilege" shall mean the attorney-client Privilege, the work-product doctrine, the common-interest doctrine, and any other Privilege, protection, or immunity recognized by law.

## PROVISIONS

**1. Scope.** This Order specifically governs the production, use, and handling of confidential and/or proprietary information that is produced, exchanged by, to, or with any person involved in this lawsuit. The protections conferred by this Order cover not only Protected Material but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. This Order and the term "Producing Party" extends to all Parties as well as any Non-Parties who produce records or deposition testimony in this case in response to a subpoena issued by a Party, so long as the Non-Party signs a copy of the "Attachment A" attached hereto. Other than as expressly provided in this Order, this provision does not entitle any Non-Parties to receive any discovery materials exchanged between the Parties. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

**2. Material which may be designated Confidential.** Any Producing Party may designate as Confidential any Document, material or information supplied in any form, or any portion thereof, which contains confidential or proprietary business, commercial, research, personal, personnel, process, product, or financial information of the Producing Party or Non-

Party. By way of example, and not limitation, Confidential material includes: discussions of business operations, processes, and procedures; customer lists and information; personally identifiable information such as social security numbers; proprietary software or systems; proprietary edits or customizations to software; proprietary product information; margin, cost, and pricing information; trade secrets; confidential research and analysis; board materials, discussions, and presentations; executive meeting minutes, materials, discussions, and presentations; non-public interactions with government regulatory bodies; negotiation strategies; information that a Party is legally or contractually required to keep confidential; information pertaining to Defendants' employees or customers that is not publicly available; and technical, sales, or other commercially sensitive information, including without limitation information or data relating to strategic plans, data received from a Non-Party pursuant to a current Non-Disclosure Agreement, commercial agreements, settlement negotiations, and settlement agreements. A designation of Confidential by a Party shall constitute a representation to the Court that such Party or a Non-Party believes in good faith that the information constitutes confidential material. The Parties and Non-Parties shall make a good-faith effort to designate information only as needed.

3. **Documents which may be designated as Highly Confidential.** Any Producing Party may designate Documents as Highly Confidential upon making a good faith determination that the Documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another Party may potentially cause substantial harm.

4. **Form and Timing of Designation.** A Producing Party may designate Documents as Protected Material by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" on

the Document in a manner that will not interfere with the legibility of the Document and that will permit complete removal of the designation, if necessary. Any electronically stored information may be designated as Confidential or Highly Confidential through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Documents shall be designated Confidential or Highly Confidential prior to or at the time of the production or disclosure of the Documents. A Confidential or Highly Confidential designation does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Unless otherwise agreed by the parties in writing, prior to designating any material as a Protected Document, counsel of record must make a good faith determination that the material is subject to the protections of this Order.

5. Additionally, any Party or Non-Party may designate as Confidential or Highly Confidential any Documents produced by any other Party, following its or its counsel's determination that the Document was provided or produced without such designation. In each such case, the Party or Non-Party designating the document shall provide to the receiving Parties written notice of that designation and, as necessary, a copy of the document marked or identified in accordance with Paragraph 4.

6. **Depositions.** From the date of a deposition or other pretrial or trial proceedings until twenty (20) business days after the date on which the court reporter makes available to all Parties the certified transcript of the proceeding, such transcript shall be treated as Highly Confidential in accordance with this Order. Alternatively, designating Parties may, but are not required to, identify Protected Material on the record, before the close of the deposition, hearing, or other proceeding in question. Absent a timely designation (or other agreement between the

Parties as to timing) of some or all of the final transcript as Confidential or Highly Confidential, this presumptive designation shall lapse. The designation by a Party of a transcript, exhibit, or videotape (or any portion of these) as Confidential or Highly Confidential shall be made in writing and served upon all counsel of record and the relevant court reporter. Any transcript, exhibit, or videotape (or portion thereof) designated as Confidential or Highly Confidential shall thereafter be treated in accordance with this Order. Any designation of a transcript (or portion thereof) shall be treated as a designation of the corresponding portion of the video, and vice-versa. Any designation shall be specific as to the portions of the transcript or any exhibit to be designated.

7.      Any Party may use material designated Confidential in an examination of a witness at a deposition, provided that (i) the witness is an author, addressee, recipient, or source of the Confidential material; (ii) the witness is a current or former employee of the Producing Party or Non-Party that produced the Confidential material; (iii) the witness is likely to have had knowledge of the material to be disclosed that is designated Confidential; or (iv) the witness is one of the persons identified in Paragraph 9(b) below. Any Party may use material designated Highly Confidential in an examination of a witness at a deposition, provided that (i) the witness is an author, addressee, recipient, or source of the material designated Highly Confidential; (ii) an appropriate 30(b)(6) designee of the producing party; or (iii) the witness is one of the persons identified in Paragraph 9(c) below. Absent any of these circumstances, the Party wishing to use Protected Material in an examination of a witness must obtain consent from the Producing Party or entity and such consent may not be unreasonably withheld. If the Parties cannot agree on whether a Party may use Protected Material in an examination of a witness not otherwise permitted under this Paragraph, then the Court shall be asked to resolve the dispute.

**8.** The Producing Party shall have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be discussed or disclosed, any person other than the deponent, the deponent's counsel, the court reporter and videographer as applicable, and persons entitled to access to the Protected Material pursuant to Paragraph 9(b) of this Order. The Producing Party shall have the right to exclude from attendance at the deposition, during such time as the Highly Confidential Protected Material is to be discussed or disclosed, any person other than the deponent, the deponent's counsel, the court reporter and videographer as applicable, and persons entitled to access to the Highly Confidential Protected Material pursuant to Paragraph 9(c) of this Order.

**9.** **Protection of Confidential and Highly Confidential Material.**

a. *General Protections*. Protected Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in Paragraphs 9(b) or 9(c) for any purpose whatsoever other than to prepare for and to conduct discovery and litigation of this Action, including any appeal thereof.

b. *Limited Third-Party Disclosures for Confidential Documents.* The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated Confidential to any third person or entity. Subject to these requirements, however, the following categories of persons may be allowed to review Documents that have been designated Confidential:

(i) Counsel. Counsel for the named Parties in this litigation, including attorneys who are employees of a Party to this Action, and the employees and agents of counsel who have responsibility for the preparation and trial of this Action;

(ii)     Parties.  Named Parties in this litigation and their employees who are actively engaged in the litigation on an ongoing basis;

(iii)    Deponents.  Witnesses deposed in this Action, pursuant to the terms specified in Paragraph 8 of this Order;

(iv)     Court Reporters and Professional Vendors.  Court reporters, professional deposition videographers, professional jury or trial consultants, mock jurors, and other persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), as well as their employees and subcontractors, but only after such persons have completed the certification contained in Attachment A;

(v)      Court and Court Personnel.  The Court and Court Personnel pursuant to the conditions outlined in Paragraph 16 below;

(vi)     Arbitrators and Other Neutrals.  Any mediator, arbitrator, or other dispute resolution professional who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain the confidentiality to the same degree as required by this Order;

(vii)    Experts and Consultants.  Experts consultants with specialized knowledge or experience in a matter pertinent to the litigation (and their staff) employed by a named Party to this litigation or that Party's counsel to assist in the preparation and trial of this Action or proceeding, provided that the expert or consultant is not a current competitor of, or regularly employed by a current competitor of, a Party, such that the disclosure to

the expert or consultant would result in a competitor of a Party receiving Protected Material or the information contained therein, but only after such persons have completed the certification contained in Attachment A; and

(viii)   <u>Others by Consent.</u>  Other persons only by written consent of the Producing Party or upon order of the Court and only on such conditions as may be agreed or ordered.  All persons shall execute the certification contained in Attachment A.

c.   *<u>Limited Third-Party Disclosures of Highly Confidential Documents.</u>*  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated Highly Confidential to any third person or entity.  Subject to these requirements, however, the following categories of persons may be allowed to review Documents that have been designated Highly Confidential:

(i)   <u>Counsel.</u>  Counsel of record for the Parties, attorneys who are employees of a Party and who are responsible for the preparation and trial of this Action, and the employees and agents of such counsel to whom disclosure is reasonably necessary for the conduct of this Action.  Counsel and their employees shall hold the Documents designated Highly Confidential in confidence and shall not disclose them, directly or indirectly, to any other person not authorized to receive them under this Order, including to any other Parties, directly or indirectly;

(ii)   <u>Deponents.</u>  Witnesses deposed in this Action, pursuant to the terms specified in Paragraph 8 of this Order;

(iii)    <u>Experts and Consultants.</u>  Any expert or consultant (including their staff) who is directly retained by a Party or its counsel in order to assist in the conduct of this Action, but only so long as: (a) such disclosure is deemed reasonably necessary by the receiving counsel; (b) the expert or consultant retains Documents designated Highly Confidential only for so long as is reasonably necessary for his or her assistance and participation in this litigation and any appeal hereof; and (c) such persons have completed the certification contained in Attachment A;

(iv)    <u>Court Reporters and Recorders.</u>  Court reporters and recorders engaged for deposition, but only after such persons have completed the certification contained in Attachment A; and

(v)    <u>Court and Court Personnel.</u>  The Court and Court Personnel pursuant to the conditions outlined in Paragraph 16 below.

d.    *Consent to Protective Order.*  With respect to the persons referenced in Paragraphs 9(b)(iv), (vi-viii) and 9(c)(iii)-(iv), prior to the disclosure of any Protected Material, the disclosing Party shall (1) provide the person with a copy of this Order, and (2) obtain from that person written agreement to be bound by the terms of this Order in the form attached hereto as Attachment A.

e.    *Control of Documents.*  Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Protected Material. Counsel shall maintain the originals of the Attachment A signed by persons acknowledging their obligations under this Order for a period of one (1) year after

dismissal of the Action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

f. *Copies.* Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions of Protected Material, or any individual portion of such a Document, shall be affixed with the appropriate designation if the words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

**10. Inadvertent Production.** If a Producing Party discovers after the production of discovery material that it has inadvertently failed to designate the material as Confidential or Highly Confidential, it shall give written notice to the receiving Party that the material is Confidential or Highly Confidential. Within ten (10) business days of the notice, (i) the receiving Party shall, to the extent possible, retrieve all copies of the inadvertently produced discovery material from any person or persons in possession of such copies and return them to the Producing Party; (ii) the Producing Party will simultaneously provide copies of the same discovery material marked with the appropriate designation to the receiving Party; and (iii) thereafter the Parties shall treat such copies as designated. Disclosure by the receiving Party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving Party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of Paragraph 14 of this Order.

**11.** A Document produced or disclosed without being designated Confidential or Highly Confidential, but that reasonably appears to contain material that should be so designated, such as social security numbers, an individual's date of birth, financial account numbers, and

contracts or agreements with a confidentiality provision, should be treated by the receiving Party as if it had been designated as Confidential or Highly Confidential. The receiving Party must not disclose such material unless legally required to do so, unless the claim is resolved between the Parties.

**12.** Any Party who inadvertently discloses information or Documents that are Privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Parties and request that the Documents or information be returned, destroyed, or otherwise sequestered. The demand shall be made in writing and shall identify the Document to be returned or destroyed by Bates range whenever possible. Within ten (10) business days of receiving such a demand, a receiving Party or Non-Party shall certify in writing that: (1) it has returned, destroyed, or otherwise sequestered all copies or versions of the Documents requested to be returned or destroyed; (2) it has taken reasonable steps to retrieve any Documents that it disclosed before being notified of the inadvertent disclosure; (3) it shall not attempt to examine, review, or use such Documents without further order of the Court permitting such activity; and (4) it has deleted from its work product or other materials any information or material derived from the Documents requested to be returned or destroyed. Within twenty (20) business days of receipt of the receiving Party's or Non-Party's certification, a Producing Party shall provide a Privilege log for any Documents demanded to be returned as well as redacted versions of any of those Documents that contain both Privileged and non-privileged information and placeholder images for Documents containing exclusively Privileged information.

**13.** The production of any documents by any Party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the producing Party that such material is

Privileged, and shall not be deemed a waiver of any such Privilege in either the litigation pending before the Court, or any other federal or state proceeding. The parties agree that employing electronic keyword searching and privilege screens to identify and prevent disclosure of privileged material constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b)(2).

14.     After receipt of the Producing Party's privilege log and a good faith effort to meet and confer, a receiving Party may file with the assigned Magistrate (and if no Magistrate is assigned, the Court) a motion to compel production of a Document demanded to be returned. The motion shall not quote or paraphrase the substance of the Document subject to the motion to compel beyond the description of the Document contained in the privilege log entry for the Document.  Unless the motion is granted, a requesting Party may not use any information contained in the Document that has been clawed back for any purpose, unless that same information is available from a non-privileged source.  The producing Party must preserve the Documents until the claim is resolved.

15.     If a receiving Party or Non-Party receives Documents that it has reason to believe are subject to a good faith claim of Privilege, the receiving Party or Non-Party must refrain from examining the Documents any more than is essential to ascertain if the materials are reasonably subject to a Privilege claim.  The receiving Party or Non-Party shall promptly notify the Producing Party in writing that the receiving Party or Non-Party possesses material that appears to be Privileged or otherwise protected from disclosure.

16.     **Filing of Protected Material Under Seal.**  If a Party wishes to file with the Court any Protected Material, the Party must follow these procedures:

a. Before any Party seeks to file Protected Material under seal with the Clerk, the filing Party shall first consult with the Producing Party who originally designated the Document to determine whether, with the Producing Party's consent, the Document or a redacted version of the material may be filed with the Court not under seal.

b. Where agreement is not possible or adequate, a Party seeking to file a Document under seal shall, consistent with Local Rule 5.2.1, (1) seek leave of Court to file the Document(s) under seal; (2) if leave is granted, comply with the Court's practice for electronic filing of Documents under seal.

c. To the extent that it is necessary for a Party to discuss the contents of Protected Material in a written filing with the Court, then such portion of the filing may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the filing, a public and a confidential version. The public version shall contain a redaction of references to information designated Confidential or Highly Confidential. The confidential version shall be a full and complete version of the filing and shall be filed with the Clerk under seal as above. A copy of the unredacted filing also shall be delivered to the Court's chambers.

d. To the extent the Court grants permission to file a Document under seal, that particular Document shall be filed under seal without disclosing the contents of any information designated Confidential or Highly Confidential in the body of the brief, memorandum, or pleading.

e. If the Court or a particular judicial officer develops an alternative method for the electronic filing of Documents under seal, then the Parties shall follow the

alternative method and shall not file any Documents or pleadings manually with the Clerk.

17.     **Use of Protected Material at trial or hearings.**  In the event a Party wishes to use Protected Material in hearings, oral arguments, or other appearances in court in the Action, the Parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Protected Material may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Non-Party producing any Protected Material that may be used or introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such Protected Material at trial or hearing upon reasonable notice to all Parties and Non-Parties who have produced such material.

18.     **Challenges by a Party to Designation as Confidential or Highly Confidential.** If any Party to the Action disagrees with the designation of a Document or information produced, that Party shall provide to the Producing Party written notice of its disagreement at any time. Within ten (10) business days of receipt of such written notice, the designating Party shall either remove or reduce the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.  The Parties shall first try to dispose of such dispute in good faith on an informal basis.

19.     If the dispute cannot be resolved, the Party challenging the designation shall notify the Producing Party in writing and, within fourteen (14) days of sending such notice, may request appropriate relief from the Court.  The burden of proving that the information has been properly designated as protected is on the Party making such designation, except that a Party claiming that information designated by the other as confidential is in the public domain shall

have the burden of proving such public knowledge. The information shall retain the designation made by the Producing Party unless and until the Court orders modification or removal of any designation, and any Party or Non-Party violating such a designation will be liable for violation of this Order (even if the Court subsequently finds that the designation was improper).

20. **Action by the Court.** Applications to the Court for an order relating to Protected Material shall be by motion, unless the Parties agree jointly to raise the issue initially with the Court informally. In accordance with Local Rule 7.2(a)(2), with respect to any motion filed under this section, the Parties hereby consent to a briefing schedule as follows: Any memorandum in opposition shall be served within seven (7) days from the date of service set forth in the certificate of service attached to the Motion and a reply memorandum may be served within seven (7) days after the date of service of the memorandum in opposition. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

21. **Obligations on Conclusion of Litigation.**

a. *Order Remains in Effect.* Even after final disposition of this litigation, the confidentiality obligations imposed in this Order shall remain in effect until a designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law. The Court shall retain jurisdiction to enforce the terms of this Order.

b.     *Return of Protected Material.*  Within ninety (90) days after dismissal or entry of final judgment not subject to further appeal, all Protected Material, including copies, shall be returned to the Producing Party unless:  (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the Documents and certifies to the Producing Party that it has done so.  Counsel for the named parties in this litigation are permitted to maintain secured copies of Protected Material in accordance with their document retention/destruction policies for up to two years after the final disposition of this action, at which time all Protected Material must be returned or destroyed pursuant to this paragraph, and during that two-year period the Protected Material must be protected from disclosure to anyone other than counsel for the named parties.  Counsel for the named parties in this litigation may also retain all attorney work product, including an index that refers or relates to information designated Confidential or Highly Confidential, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential Documents.  This work product shall continue to be Confidential or Highly Confidential under this Order.  Nothing in this Order prevents an attorney from using his or her work product in a subsequent litigation provided that its use does not disclose or use information designated Confidential or Highly Confidential.

**22.** **Third-Party Requests**.

a.   *Notification to Producing Party*.  If a Party is served with a subpoena or court order issued in another litigation or proceeding that compels disclosure of Protected Material, that Party will not produce such Protected Material and must promptly notify the designating Party in writing of the subpoena or court order. Such notification shall include a copy of the subpoena or court order.

b.   *Notification to Third-Party of Protective Order*.  A Party who is served with a subpoena or court order issued in another litigation or proceeding that compels disclosure of protected information must promptly inform in writing the third-party who caused the subpoena or order to issue that some or all the material covered by the Third-Party Request is subject to this Protective Order.  Such notification shall include a copy of this Order.

c.   *Cooperation with Producing Party*.  The receiving Party agrees to cooperate with the Producing Party with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.  If the designating Party fails to object or seek a protective order from this court within ten business days of receiving the notice and accompanying information, the receiving Party may produce the Protected Material responsive to the subpoena or order.  If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination from the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission.  Nothing

in these provisions should be construed as authorizing or encouraging a receiving Party in this Action to disobey a lawful directive from another court.

23. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents or information designated Confidential or Highly Confidential by counsel or the Parties is subject to protection until such time as the Court may rule on a specific Document or issue.

24. **Miscellaneous Provisions.**

a. Nothing contained in this Order shall be construed as an admission that any Document or information, or any testimony relating to such Document or information, is or would be admissible in evidence in this Action or in any other proceeding.

b. Nothing contained in this Order shall affect the rights of the Parties or Non-Parties to object to discovery, nor shall it relieve a Party or Non-Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Rules.

c. The Parties reserve all rights to apply to the Court for any order modifying this Order. Nothing in this Paragraph shall affect a Party's right to object to disclosure of Protected Material to counsel of another Party.

d. Nothing contained in this Order shall affect the ability of the Parties to alter the time periods set forth in this Order by agreement.

e.    Any person requiring further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

f.    When serving subpoenas on Non-Parties, a copy of this Order (including Attachment A) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Order.

**SO ORDERED.**


*/s Chelsey M. Vascura*_____
UNITED STATES MAGISTRATE JUDGE

Stipulated and Agreed to by:

Attorneys for Plaintiffs:

John A. Smalley, Esq. (0029540)
Dyer, Garafalo, Mann & Schultz
131 N. Ludlow Street
Suite 1400
Dayton, Ohio 45402
T: (937) 223-8888
F: (937) 226-9436
jsmalley@dgmslaw.com


*/s/ Keith R. Scranton*_____
Paul R. Wood, Esq., admitted pro hac vice
Keith Scranton, Esq., admitted pro hac vice
Franklin D. Azar & Associates, P.C.
14426 East Evans Ave
Aurora, CO 80014
T: (303)757-3300
woodp@fdazar.com
scrantonk@fdazar.com

Attorneys for Defendants:

*/s/ Steven D. Forry*_____
Steven D. Forry (0075520)
Ice Miller LLP
250 West Street
Columbus, Ohio 43215
T: (614) 462-2254
F: (614) 222-3435
Steven.Forry@icemiller.com


Brian D. Boyle (D.C. #419773), admitted pro hac vice
Shannon M. Barrett  (D.C. #476866), admitted pro hac vice
Meaghan VerGow  (D.C. #977165), admitted pro hac vice
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
T:  (202) 383-5327
F: (202) 383-5414
bboyle@omm.com
sbarrett@omm.com
mvergow@omm.com

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| ALANA SCHMITT,<br><br>             Plaintiff,<br><br>    vs.<br><br>NATIONWIDE LIFE INSURANCE<br>COMPANY, et al.<br><br>             Defendants. | **Judge Algenon L. Marbley**<br><br>**Magistrate Judge Chelsey M. Vascura**<br><br>**Civil Action No. 2:17-cv-00558** |

<u>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**</u>
<u>**TO STIPULATED PROTECTIVE ORDER**</u>

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned Action and attached hereto (the "Order"), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, in matters relating to the Order and understands that he/she is obligated to all of the protections and obligations set forth in the Order. The undersigned acknowledges that violation of the Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business: _____
Address
             _____

Date:_____          _____
                                     Signature

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF filing system this 4th day of May, 2018.

/s/ Steven D. Forry
Steven D. Forry (0075520)
*Trial Attorney*
Ice Miller LLP
250 West Street
Columbus, Ohio 43215
Tel: (614) 462-2254
Fax: (614) 222-3435
Email: Steven.Forry@icemiller.com
*Counsel for Defendants Nationwide Life*
  *Insurance Company, Nationwide Bank, and*
  *Nationwide Trust Company, FSB*