# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ALANA SCHMITT, et al., : | |
| : | Case No. 2:17-cv-558 |
| **Plaintiffs,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| NATIONWIDE LIFE INSURANCE : | Magistrate Judge Vascura |
| COMPANY, et al., : | |
| : | |
| **Defendants.** : | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendants Nationwide Life Insurance Company, Nationwide Bank, and Nationwide Trust Company (collectively "Nationwide"). (ECF No. 19). For the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND

### A. Factual Background

Plaintiff Alana Schmitt is a beneficiary the Andrus Wagstaff, PC 401(k) Profit-Sharing Plan (the Plan). (ECF No. 8 at 1). Andrus Wagstaff, PC is both the administrator and the named fiduciary of the Plan, which is governed by the Employee Retirement Income Security Act of 1974 (ERISA). The Plan contracted with Nationwide to provide services such as record-keeping and customer service at a fee of one percent of the value of each participant's account, per year. (*Id.* at 2; 13-14). Nationwide also charged certain transaction-based fees. (*Id.* at 8).

Ms. Schmitt argues that these fees are excessive. (*Id.* at 22). She directs the Court's attention to a 2015 survey conducted by NEPC, an independent investment consulting group, that reflects that the "median recordkeeping cost of 113 plans was $64 per plan . . . ." (*Id.* at 3-4).

Nationwide's asset-based fees resulted in a fee of $625 per participant in 2014 and $500 per participant in 2015 – nearly 10 times the median compensation under the NEPC survey. (*Id.*).

Because the asset-based fee is not "reasonable compensation" under 29 U.S.C. §1108(b)(2), she argues, Nationwide is prohibited from administering the plan under 29 U.S.C. §1106(a)(1)(C). She now brings suit under 29 U.S.C. §1132(a)(3), which authorizes a plan participant to bring a civil action for "appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." (*Id.* at 19).

Ms. Schmitt seeks to represent a class consisting of the Plan and all other plans enrolled in the Nationwide Retirement Flexible Advantage Retirement Plans Program. (*Id.*). She seeks "restoration to the Plans of all losses resulting from the excessive and unreasonable fees charged by Defendants for recordkeeping services under 29 U.S.C. §1108(b)" as well as other equitable or remedial relief that the Court deems appropriate. (*Id.* at 6).

### B. Procedural Background

Nationwide filed a Motion to Dismiss for Failure to State a Claim and Failure to Join a Necessary Party on September 18, 2017. (ECF No. 19). The Motion is ripe and ready for this Court's review.

### II. STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits*

*Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman,* 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A motion to dismiss for failure to join an indispensable party under Rule 12(b)(7) requires this Court to undertake a three-step process. *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993). The Court must first determine whether a person is necessary to the action under Rule 19(a) and should be joined if possible. *Id.* If so, the Court then must consider whether it has jurisdiction over the person to be joined. *Id.* Third, if the party is necessary but the Court lacks jurisdiction, the Court must analyze "the factors set forth in Rule 19(b) to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of the party." *Id.* The four factors set forth in Rule 19(b) include:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to [the person] or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id*. (quoting *Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America*, 822 F.2d 613, 618 (6th Cir. 1987)).

3

## III. ANALYSIS

In its Motion to Dismiss, Nationwide advances three arguments: First, that Plaintiff failed to allege adequately the knowledge requirement under ERISA § 502(a)(3); second, that Plaintiff's claim must fail because it seeks a legal remedy, not an equitable one as required under the same provision of ERISA; and third, that the case must be dismissed for failure to join a necessary party. Each are addressed in turn below.

### A. Knowledge Requirement for a Non-Fiduciary

There is no dispute that, under 29 U.S.C. § 1002(14), Nationwide is a "party in interest" to the Plan. Section 406(a) of ERISA bars a plan fiduciary from engaging in certain transactions with a "party in interest." 29 U.S.C. § 1106(a). Section 502(a)(3) authorizes a "participant, beneficiary, or fiduciary" of a plan to bring a civil action to obtain "appropriate equitable relief" to redress violations of ERISA Title I. 29 U.S.C. § 1132(a)(3). That authorization extends to suits against nonfiduciary parties in interest, but only when the party in interest has "actual or constructive knowledge of the circumstances that rendered the transaction unlawful." *Harris Trust and Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000). Such knowledge can be "inferred from surrounding circumstances raising a reasonable inference of knowledge." *Brock v. Hendershott*, 840 F.2d 339, 342 (6th Cir.1988).

Plaintiff alleges that Nationwide knew or should have know that its charges were unreasonable in violation of 29 U.S.C. §1108(b)(2) and 29 U.S.C. §1106(a)(1)(C) because its fees were significantly greater than market rate: Nationwide's net asset fee was $625 per plan participant in 2014 and $500 per participant in 2015, whereas the median cost of similar services according to the NEPC Survey was $64 per participant. (ECF No. 19 at 10; ECF No. 8 at 4). Nationwide contends that this allegation is not well-pled because it is not clear whether the NEPC

Survey actually did relate to similar services and because many market participants chose to do business with Nationwide in arms-length transactions. (ECF No. 19 at 10).

Rule 12(b)(6) of the Federal Rules of Civil Procedure require this Court to draw all reasonable inferences in the favor of Ms. Schmitt, including that the NEPC survey is reliable and that it gives the Court an apples-to-apples comparison between Nationwide's plan services and the services of the plans surveyed by NEPC. Nationwide is a sophisticated market participant, and if the NEPC survey is to be believed, it charged the Plan about ten times the median rate for its services. These are precisely the types of circumstances from which the Court may infer knowledge of the unreasonableness of the rate. The Court therefore concludes that Ms. Schmitt has adequately pled that Nationwide had constructive knowledge of the unreasonableness of the fee charged.[1]

### B. Equitable Relief Against a Non-Fiduciary

Section 502(a)(3) only authorizes this Court to grant injunctive or "other appropriate equitable relief" against a non-fiduciary. *McDannold v. Star Bank, N.A.*, 261 F.3d 478, 486 (6th Cir. 2001). Ms. Schmitt seeks disgorgement, accounting, and surcharge of ill-gotten fees. Nationwide argues that these remedies constitute money damages and not equitable relief, and that the claim must therefore fail.

---

[1] Because an ERISA plaintiff need not plead the absence of exemptions to prohibited transactions, the Court need not address at this stage whether any otherwise-prohibited transactions were cured through disclosure under § 1108. *See Allen v. GreatBanc Tr. Co.*, 835 F.3d 670, 676 (7th Cir. 2016) (citing *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009); *Harris v. Amgen, Inc.*, 788 F.3d 916, 943 (9th Cir. 2015), rev'd on other grounds, ––– U.S. –––, 136 S.Ct. 758, 193 L.Ed.2d 696 (2016); *Elmore v. Cone Mills Corp.*, 23 F.3d 855, 864 (4th Cir. 1994); *Lowen v. Tower Asset Mgmt., Inc.*, 829 F.2d 1209, 1215 (2d Cir. 1987)).

In *Great West*, the Supreme Court addressed the distinction between legal and equitable restitution: "a claim to specific property (or its proceeds) held by the defendant—accords with the restitution we describe as equitable today." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 215–16, 122 S. Ct. 708, 715–16, 151 L. Ed. 2d 635 (2002) (citing *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250 (2000)). In other words, "[f]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 205. The operative question, then, is whether the fees Ms. Schmitt seeks constitute particular funds held by Nationwide. The answer is yes.

As the Supreme Court has observed, "[e]quity courts possessed the power to provide relief in the form of monetary "compensation" for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011) (citing Restatement (Third) of Trusts § 95, and Comment *442 *a* (Tent. Draft No. 5, Mar. 2, 2009)). Here, because the defendant is analogous to a trustee, the disgorgement, accounting, and surcharge remedies fall within the scope of the term "appropriate equitable relief" in § 502(a)(3). *Id.* at 442.

Moreover, the Supreme Court explicitly contemplated that disgorgement is one form of "appropriate equitable relief" under § 502(a)(3). *Harris Tr. & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250 (2000) ("The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom.") (citing Restatement (Second) of Trusts §§ 284, 291, 294, 295, 297 (1957); 4 A. Scott & W. Fratcher, Law of Trusts § 284, § 291.1, pp. 77–78, § 294.2, p. 101, § 297 (4th ed.1989) (hereinafter Law of Trusts); 5 *id.,* § 470, at 363; 1 D. Dobbs, Law of Remedies § 4.7(1), pp. 660–661 (2d ed.1993); G.

Bogert, Law of Trusts and Trustees § 866, pp. 95–96 (rev.2d ed.1995)). Contrary to Nationwide's insistence, the fact that money is fungible and disgorgement would "take[ ] the form of a money payment does not remove it from the category of traditionally equitable relief." *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011). This is so because "[e]quity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." *Id.* (citing Restatement (Third) of Trusts § 95, and Comment *a* (Tent. Draft No. 5, Mar. 2, 2009)).

Finally, under ERISA, a retirement plan must "be operated for the exclusive benefit of the employees and beneficiaries" and there must be a form of relief when a non-fiduciary deviates from that requirement. *Sweet v. Consol. Aluminum Corp.,* 913 F.2d 268, 270 (6th Cir.1990). The Sixth Circuit directs that, in making a determination as to whether a relief is available in equity, a court must ask whether there exists any form of legal relief that would make plaintiff whole. *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 371 (6th Cir. 2015). Here, no such legal relief exists. Ms. Schmitt may therefore seek disgorgement, accounting, and surcharge remedies in equity.

### C.     Joinder

Nationwide's third and final argument is that Ms. Schmitt's claims should be dismissed under Rule 12(b)(7) because she has failed to join as a necessary party the fiduciary, Andrus Wagstaff. (ECF No. 19 at 33). Ms. Schmitt argues Andrus Wagstaff is not a required party, but in the alternative, moves to amend the Complaint. (ECF No. 26 at 28).

A party is necessary under Rule 19(a)(1)(B)(i) where it "claims an interest relating to the subject of the action and is so situated that disposing of the action in the [party's] absence may . . . as a practical matter impair or impede the [party's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Rule 19(a)(1)(B) "exists to protect absentee parties," *Sch. Dist. of City of*

7

*Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009). Nationwide argues that Andrus Wagstaff is not protected because the case "rises and falls" on whether it breached its fiduciary duties, and any determination as to that question could bind Andrus Wagstaff either in future litigation or could harm Andrus Wagstaff's business interests as a law firm whose purpose is to represent clients in a fiduciary capacity. Ms. Schmitt rejoins that Andrus Wagstaff is not unfairly prejudiced by its absence because its interests are adequately represented by Nationwide. (ECF No. 26 at 24).

The Court concludes that Andrus Wagstaff is an indispensable party under Rule 19. Its interests are not adequately represented by Nationwide because, although Nationwide and Andrus Wagstaff's interests are similar, they are not identical: this Court could theoretically determine at a future stage of litigation that Andrus Wagstaff breached its fiduciary duty to Ms. Schmitt and similarly situated retirement plan beneficiaries, but that Nationwide cannot be held liable because it lacked requisite knowledge or intent.

The proper recourse is not to dismiss the case, however. The Court is unaware of any reason why it would not have jurisdiction over Andrus Wagstaff, and Rule 15 of the Federal Rules of Civil Procedure requires the Court to permit amended pleadings "freely . . . when justice so requires." Fed. R. Civ. P. 15. Because Ms. Schmitt's claim could proceed but for the Rule 19 issue, the Court finds that justice so requires in this case. The Motion to Amend the Complaint is therefore **GRANTED**.

### IV.  CONCLUSION

Defendant Nationwide's Motion to Dismiss is **DENIED**. (ECF No. 19). The Motion to Stay Discovery Pending Resolution of the Motion to Dismiss is therefore **MOOT**. (ECF No. 33). Plaintiff Alana Schmitt's Motion for Leave to Amend the Complaint is **GRANTED.** (ECF No.

26). Ms. Schmitt is **DIRECTED** to file an Amended Complaint joining all necessary parties no later than 21 days from the date of this order.

    **IT IS SO ORDERED.**

                                                                               s/Algenon L. Marbley
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**DATED:   August 24, 2018**