**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| THERESA BROWN, individually and as a representative of a class of participants and beneficiaries on behalf of the Andrus Wagstaff PC 401(k) Profit Sharing Plan and all other similarly situated individual account retirement plans,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE LIFE INSURANCE COMPANY, et al.<br><br>-and-<br><br>ANDRUS WAGSTAFF, PC, individually and on behalf of a class of others similarly situated,<br><br>    Defendants. | **Judge Algenon L. Marbley**<br><br>**Magistrate Judge Chelsey M. Vascura**<br><br>**Civil Action No. 2:17-cv-558-ALM-CMV** |

**DEFENDANTS NATIONWIDE LIFE INSURANCE COMPANY'S, NATIONWIDE
BANK'S, AND NATIONWIDE TRUST COMPANY'S
MOTION FOR RECUSAL**

Pursuant to 28 U.S.C. § 455(a), defendants Nationwide Life Insurance Company, Nationwide Bank, and Nationwide Trust Company, FSB (collectively "Nationwide") hereby respectfully move for recusal of the Honorable Algenon Marbley from this proceeding.

Respectfully submitted,

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733)
Trial Attorney
Jeffrey A. Lipps (0005541)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone:  614-365-4100
Facsimile:  614-365-9145
E-mail:  Carpenter@CarpenterLipps.com
    Lipps@CarpenterLipps.com

*Attorneys for Defendants Nationwide Life Insurance Company, Nationwide Bank, and Nationwide Trust Company, FSB*

**Co-Counsel**
Brian D. Boyle (D.C. #419773), admitted *pro hac vice*
Shannon M. Barrett (D.C. #476866), admitted *pro hac vice*
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: 202-383-5300
Facsimile: 202-383-5414
E-mail: bboyle@omm.com
    sbarrett@omm.com

## MEMORANDUM IN SUPPORT

On April 23, 2019, Judge Marbley advised the parties on the record that in November 2018, he was the victim of an automobile collision caused by a driver whose vehicle was insured by a Nationwide affiliate. Judge Marbley further advised the parties—and Nationwide has confirmed through its own claim files—that (1) a Nationwide entity paid a claim by Judge Marbley for damage to his vehicle, and (2) Judge Marbley has an additional claim for bodily injury under review for payment by that Nationwide entity. Finally, Judge Marbley granted the parties until April 30, 2019, to decide whether to move for his recusal based on these facts.

Upon consideration of the foregoing facts, and with full appreciation for Judge Marbley's disclosure of previous and pending payments by Nationwide's affiliate, Nationwide now respectfully moves for recusal. As elaborated in greater detail below, Nationwide submits that where, as here, a judicial officer seeks and obtains payment of money from a party to a proceeding before him—even when the request is legally justified and otherwise unconnected to the proceeding—the "impartiality" of the judicial officer "might reasonably be questioned," requiring his recusal under § 455(a).

## ARGUMENT

Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As this Court has previously recognized, that "broad and objective standard 'is designed to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case.'" *Novak v. Farneman*, 2:10-CV-768, 2011 WL 4688630, at *2 (S.D. Ohio Sept. 30, 2011) (Marbley, J.)

(quoting *Barksdale v. Emerick*, 853 F.2d 1359, 1360 (6th Cir.1988)); *see Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 849 (1988)). Further, the Model Code of Judicial Conduct requires a judge to "avoid impropriety and the appearance of impropriety." ABA Annotated Model Code of Judicial Conduct, Cannon 2 (2004). Thus, even if the judge and the parties fully accept the judge's ability to remain impartial in the case, it is chiefly "the *public's trust and perception of this Court* with which the Court must concern itself." *Novak* at *4 (emphasis added).

The Court's pending insurance claim presents a troublesome dilemma: Nationwide has the ultimate authority over how much it will pay Judge Marbley for injuries he claims to have sustained as a result of an automobile accident with a Nationwide insured and Judge Marbley has the ultimate authority over the outcome of this case in which claims are asserted against Nationwide. Nationwide submits that its payment of money to Judge Marbley during these proceedings could undermine the public's trust in the proceedings and the public's perception of the Court as a wholly impartial, disinterested arbiter of justice. These clouds, moreover, would arise no matter how the case is ultimately resolved. Even assuming the claims are wholly justified and paid in full, if Nationwide prevailed, a reasonable member of the public could ask whether Nationwide's success was affected in some way (even subconsciously) by the fact that it made a monetary payment to the judge during the proceeding. Likewise, if Nationwide did not prevail, a reasonable member of the public could ask whether that outcome was affected in some way (even subconsciously) by the judge's desire to avoid any appearance of influence from the payment or by some dissatisfaction over its handling.

To be clear, the point is not whether the judge would *actually* be influenced, positively or negatively, by Nationwide's monetary payments. The problem is simply the *fact of the payments*

4

*themselves*, which would raise reasonable questions in the public mind about the *possibility* that they influenced the proceeding. Because § 455(a) focuses on "the objective appearance of impartiality . . . recusal may be appropriate even when there is no evidence to suggest an actual lack of impartiality." *Lender v. GEICO General Ins. Co.*, No. 09-22303, 2013 WL 12059606, at *1 (S.D. Fl. Jan. 25, 2013) (granting unopposed motion for recusal where court's career law clerk was customer of insurer-party before the court and had one claim with insurer approximately 12 years earlier). So it is here.

## CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that Judge Marbley recuse himself from this proceeding and that the case be assigned to another judge of the U.S. District Court for the Southern District of Ohio. Nationwide does so with the utmost respect, and after considerable reflection upon the circumstances presented. Nationwide would like to reiterate its appreciation of Your Honor's presiding over this case to this point and your candor in bringing the information forming the basis for this Motion to the parties' attention.

      Respectfully submitted,

      /s/ Michael H. Carpenter
      Michael H. Carpenter (0015733)
      Trial Attorney
      Jeffrey A. Lipps (0005541)
      CARPENTER LIPPS & LELAND LLP
      280 Plaza, Suite 1300
      280 North High Street
      Columbus, Ohio 43215
      Telephone: 614-365-4100
      Facsimile: 614-365-9145

            E-mail:  Carpenter@CarpenterLipps.com
               Lipps@CarpenterLipps.com

            *Attorneys for Defendants Nationwide Life Insurance Company, Nationwide Bank, and Nationwide Trust Company, FSB*

**Co-Counsel**
Brian D. Boyle (D.C. #419773), admitted *pro hac vice*
Shannon M. Barrett (D.C. #476866), admitted *pro hac vice*
O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: 202-383-5300
Facsimile: 202-383-5414
E-mail: bboyle@omm.com
    sbarrett@omm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF filing system this 30th day of April, 2019.

>/s/ Michael H. Carpenter
>Trial Attorney for Defendants Nationwide Life
>Insurance Company, Nationwide Bank, and
>Nationwide Trust Company, FSB